UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN HARDY and RUTH HARDY,

    Plaintiffs,

v.                                     Case No.:   2:23-cv-221-SPC-KCD

ACE INSURANCE COMPANY OF THE MIDWEST,

    Defendant.
_____/

## ORDER

Before the Court is Defendant's Motion to Compel Plaintiffs' In-Person Depositions and for Better Responses to Defendant's Discovery Requests. (Doc. 47).[1] Because of the impending discovery deadline, the Court ordered Plaintiffs John and Ruth Hardy to file an expedited brief. (Doc. 48.) They did not respond, so the Court treats the motion as unopposed. *See* Local Rule 3.01(c). For the reasons stated below, Defendant's motion is granted.

This is an insurance dispute stemming from storm and water damage. Defendant says that Plaintiffs' discovery responses are deficient. Specifically, Defendant requests better, verified responses and supporting documentation

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

for Interrogatories 6- 9, 11, 14, 15, and 17-19, and Requests for Production 2-4, 7, 10, 12- 16, 18, 19, 21, 34, 36, and 38-41. (Doc. 47 ¶ 16.) Having reviewed the discovery responses, the Court agrees they are deficient. Plaintiffs do not answer several of the requests, and the remainder are facially deficient or fail to provide pertinent information. The Federal Rules state that a party may move for an order compelling additional discovery in such circumstances. *See* Fed. R. Civ. P. 37(a)(3), (b)(2)(A).

Defendant tried to confer with Plaintiffs' counsel to resolve this dispute, to no avail. And now Plaintiffs did not respond to the motion, thus waiving any objections. *See Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-CV-69-ORL-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011). Having received no response in opposition, the Court grants the motion to compel. **Within 14 days of this order, Plaintiffs must update their interrogatory responses and produce the documents sought in paragraph 16 of the motion. (Doc. 47.)**

Next, Defendant has been trying to schedule depositions before the discovery cutoff, to no avail. (Doc. 47 at 5-6; Doc. 47-8.) Defendant thus requests an order compelling Plaintiffs to sit for in-person depositions by the discovery deadline. (Doc. 47 at 8.) Under the Federal Rules of Civil Procedure, in-person depositions are the default. *See* Fed. R. Civ. P. 30(a). The court only gets involved if a party requests that the deposition occur by telephone or other

2

remote means. *See* Fed. R. Civ. P. 30(b)(4). There is no request for a remote deposition here, so Plaintiffs must provide available dates. Otherwise, Defendant may unilaterally notice the deposition under Rule 30(b) or compel Plaintiffs' attendance by subpoena under Rule 45(a)(1)(B). But, of course, the best practice is for the parties to work together to arrive at mutually agreeable dates and times for Plaintiffs' depositions by the discovery cutoff. A task that the Court is sure the parties are up to.[2]

Finally, discovery closes on August 30, 2024. (Doc. 46.) To compensate for lost time, the Court will extend the remaining deadlines by 30 days. But that's it. The parties must be responsive and work together moving forward.

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Compel In-Person Depositions of Plaintiffs and for Better Responses to Defendant's Discovery Requests. (Doc. 47) is **GRANTED**.[3]

---

[2] Defendant briefly mentions that the Court can impose relief under Federal Rule 37 if a party fails to appear for a properly noticed deposition. (Doc. 47 at 7.) But looking at rest of the motion, and the attachments, it doesn't seem that either Plaintiff has failed to appear.

[3] If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Defendant does not ask for its expenses. Nor has Defendant provided any documentation to issue such an award. Accordingly, the Court cannot order expenses at this time. *See, e.g., CMR Constr. & Roofing, LLC v. ASI Preferred Ins. Corp.*, No. 219CV442FTM29MRM, 2020 WL 9172016, at *3 (M.D. Fla. May 1, 2020).

2. Within **14 days** of this order, Plaintiffs must produce the discovery outlined above. And within **7 days** of this order, Plaintiffs must provide dates for their in-person depositions.

3. The remaining deadlines are extended by 30 days. A second amended case management and scheduling order will follow.

**ORDERED** in Fort Myers, Florida on August 26, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record